Mr. Rowe for the appellant, Ms. Wilson for the appellee. Good morning. May it please the court, I'm Eric Rowe and I represent the appellant Michael Hurd in this case. This case comes to this court as a result of a dismissal under Rule 12b-6 of the Federal Rules of Civil Procedure. A dismissal under Rule 12b-6 asks a single question. Does the complaint in the case state a claim upon which relief can be granted? In deciding this issue, the court's review is confined to the complaint itself, the documents attached to the complaint, if any, and facts of which the court can properly take judicial notice. In this case, the defendant did not contend, and the district court did not find, that the complaint itself was in any way deficient. There were no documents attached to the complaint. The dismissal in this case resulted from the fact that the court took judicial notice of facts not alleged in the complaint that the court concluded defeated the claims asserted by the appellant. Judicial notice is proper in only limited circumstances. Federal Rule of Evidence 201b provides that the court may take judicial notice of a fact that is not subject to reasonable dispute because, one, it is generally known in the trial court's territorial jurisdiction, or, two, it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. In this case, the district court concluded that the action was barred by res judicata as a result of a decision of the superior court in a prior habeas corpus proceedings. Putting aside the preclusion question for a moment, and just looking at the judge also alternatively held on the merits that Mr. Hurd did not have a claim, can you identify for us how your procedural challenge shows that to have been an error? Yes, ma'am. Because the court's review, in order to determine whether the complaint states a cause of action upon which relief can be granted, the court must look at the complaint. Here, the court found two facts relating to the due process arguments that were not alleged in the complaint. The first fact was that Mr. Hurd was a mistakenly released prisoner, such that the law relating to mistakenly released prisoners would apply. The second was that, relating to the substantive due process claim, that Mr. Hurd had not successfully turned his life around, such that the fourth factor under the test announced in United States v. Merit was not met. Now, neither one of those facts are generally known in the trial court's territorial jurisdiction, and neither one of those facts can be readily determined based upon facts that are sources whose accuracy cannot be questioned. What the court tried to do was to look at the pleadings in the prior case. But when the court takes judicial notice of pleadings in a prior case, it can take notice that the pleadings were submitted. It could take notice of that fact. It can take notice, maybe, that an argument was made. But it can't take notice of the truth of the matter asserted in those pleadings. And in this case, particularly in the relating to whether Mr. Hurd had successfully turned his life around, part of the pleadings that the court relied upon were police reports, or not police reports per se, but reports from the CSOSA, who was covering his supervised release, and talking about his run-ins with the law, while during the time when he was out of prison. Going to the, you said there were these two facts. One of them was that he had been mistakenly released. And is Mr. Hurd prepared to dispute, or is it just that he has no discovery on that? What's the position on mistaken release? I mean, in this case, the record doesn't say why Mr. Hurd was released. And there are a number of possible reasons why that could have been. The record on this case does not say. And the trial court could not properly find on a motion to dismiss that he was released from prison for any particular reason. And if the District of Columbia wants to prove that he was mistakenly released, then it can submit evidence. There was no affidavit from the parole commission reciting that it had made a mistake or anything like that. Because this is a motion to dismiss under Rule 12b-6. It's not a motion for summary judgment. And on a motion to dismiss. What are the other possibilities? Well, I mean, just thinking in the abstract, I mean, there's pardons, there's medical release, there's good time credits, there's educational credits, there's all manner of things that the parole commission could have done. And I'm not saying that any of those necessarily happened in this case. But what was incorrect with the district court's analysis in this case was that this was not a motion for summary judgment. This was not a circumstance where Mr. Hurd had to come forward with any evidence at all to disprove what the District of Columbia was trying to prove. The district court could have, and by rule probably should have, under Rule 12d of the Federal Rules of Civil Procedure, converted this case into one for summary judgment, at which time Mr. Hurd would have had a burden to come forward with contrary evidence. But on a motion to dismiss under Rule 12b-6, he has no such burden. You're arguing that even if the district court somehow could have determined on the pleadings that he was mistaken or released, could not possibly have determined or decided to question whether he successfully turned his life around. That's correct. And because I don't believe that there were, there's a- I'm just trying to understand your theory. You say even conceding that, the district court could not have possibly gotten to the next step. That's correct. On the pleadings. On the pleadings. And in fact, I don't even think it could have gotten to the first step, but certainly- No, no, I understand your argument. I just want to make sure I'm following it through. Sure. Because the, you know, the court cannot go out and conduct its own investigation, which is what happened in this case. You know, all litigants, all civil litigants in this country whose cases are governed by the Rules of Civil Procedure, are entitled to equal treatment, are entitled to have the court consider the complaint on its merits and deciding whether the complaint states a cause of action does not resolve the case as to whether the plaintiff is ultimately going to win on the merits. That's an issue for down the road. The question before the court was whether the complaint stated a cause of action. And what's the status of your procedural due process claim? The court found that it was not barred by res judicata, but that she concluded that because Mr. Hurd was a mistakenly released prisoner, he did not have a protectable liberty interest. That was the ruling of the district court. And in that regard, Mr. Hurd, in this case, the time period for incarceration had expired more than a year prior to the time he reentered the criminal justice system. But not the total time. I mean, when you say the time period for incarceration, you're just counting the prison time but not the supervised release. Because he was still within that period, was it not? No, he was not. Because the time period, I mean, if his original time period for incarceration had ended sometime in 2010, but he was released prior to that time. His period of supervised provision commenced prior to that time. Well, under what the government describes as the mistaken release. So you're counting the supervised release at he served the full supervised release from the mistaken date. But if he were standing on the day his sentence were handed down and saying, when is the date, the calendar date when I will be free and clear and able to start my life anew, that date had not yet passed. Well, it's not the date that he would be free and clear. I mean, in direct response to your question, if he had served his full prison time until 2010 and thereafter served his three-year period of supervised release, that would have concluded sometime in 2013. But that's not the issue here. Because the issue is, when did his period of incarceration end? Because they can't, you know, what's clear in the cases in the common law relating to mistakenly released prisoners is up until the time that the original period of incarceration ends, the government can recommit. But once that original period of incarceration ends, they cannot. And so that's the distinction here. Although if somebody is on supervised release and violates the conditions of supervised release, they can be reincarcerated. They can be. But that decision is up to the United States Parole Commission, who is conducting the supervised release. It's not up to the D.C. Jail. It's not up to the Superior Court. It's up to a particular entity. And what happened in this case was that the D.C. jailers decided to take it upon themselves to decide all of these issues when they had no authority whatsoever to do that. And I see that my time is just about up. I've reserved two minutes for a vote. Ms. Wilson? Good morning. And if it pleases the Court, I'm Mary Wilson, representing the District of Columbia. The District Court properly dismissed this case under 12b-6, under both preclusion principles and the substantive due process and the merits of the constitutional claims. Mr. Heard filed a habeas corpus case in Superior Court where he made his substantive due process argument there and said he was wrongfully required to serve the balance of his sentence. He conceded there that he had arrests during his release, and he conceded there that he was erroneously released. The District Court could certainly take judicial notice of the Superior Court records there, and this Court can also take notice of the D.C. Court of Appeals records, where Mr. Heard conceded in his appellate brief that he had had multiple arrests during his release. You say he conceded that he was erroneously released. Are you referring to counsel's reference to the position of the District of Columbia that the release was erroneous? I mean, there was nothing in the record on that. Well, throughout the transcript, first the trial judge comes out and summarizes the situation. There's no objection to that summary of the situation or request for a fact-finding hearing. And throughout counsel's arguments, she said it was a mistaken release, a premature release, an erroneous release. The entire habeas case was litigated on that premise. He never asked if he had evidence or a plausible argument that this was medical parole or the other things he postures in his reply brief. He should have requested a fact-finding hearing for Proffert back there. It doesn't make sense to say, oh, he had an argument that he could have raised in the habeas case that would have resulted in his release, not raise it there, and then come over here and ask for money because he was detained for an argument he didn't make there. Was he represented in the habeas? Yes. The problem I have with Wilson is what we were talking about with other counsel. The whole case is being tried on 12b-6 on facts. It's a bizarre situation at the appellate level to look at this. It's not the way I realize we keep pushing things back further and further, but there's got to be a point where it doesn't make sense, where a district court says, okay, I'm looking at your complaint. I'm going to go now look for information and decide it on the merits. And the decisions on the merits are very large. And appellant had no opportunity in any way pursuant to summary judgment or otherwise to contest that which was being asserted. For example, the most obvious is not successfully turned his life around. How do you get that disposition on a 12b-6 when you're looking only at the pleadings? Well, you're looking at the pleadings, and the court can take judicial notice. You can't take judicial notice of everything that happened in the world. That's not the concept of judicial notice. He referenced the habeas case in his complaint, and the court can take judicial notice of the superior court record in that case and the court of appeals record in that case. Not quite. I mean, we need to be somewhat precise about it because it makes a difference for purposes of judicial notice. The court surely can take judicial notice of the existence of that proceeding and of what the disposition was, just as we can look at any court's opinion. But that doesn't mean that we can take judicial notice of facts that were discussed or the way references were made in oral argument. I mean, that's a very different assertion that I don't take you to be making. I am making the argument that in this case there is no purpose in a remand because in a remand the facts that are in dispute, that he was erroneously released, it's undisputed, he had only served 13 months of 42 months of his sentence, that's undisputed. It's undisputed as a matter of law that he could not have been on parole. He conceded in the other case that he had multiple arrests while he was on release. His appellate brief says I had arrests but no conviction. That under the circumstances here, that it is a waste of judicial resources and the district's time that after it was litigated in the habeas case and he has no real challenge to the fact of his arrest or any plausible argument that he wasn't erroneously released, that this case was properly decided on 12B6. Now separating out the preclusion argument from the judicial notice of facts, as far as the preclusion argument goes, the court found that there was claim preclusion. That seems to me that's clear error because a litigant cannot in a habeas proceeding raise a Section 1983 claim for multiple reasons. That's not jurisdictionally permissible. And so you can't apply claim preclusion to preclude litigation in a new forum of a claim that wasn't available to be raised in the prior forum. Isn't that correct? Well, I think the district court uses the term res judicata loosely to encompass preclusion principles. Well, no. She says claim preclusion and she says a claim that was or could have been raised, the transaction or occurrence test. That's the familiar claim preclusion test. She doesn't identify an issue that was necessarily decided and on which there was a full and fair opportunity to litigate. She doesn't go into any of the issue preclusion inquiry. So I see this as a claim preclusion decision, and I don't think that's correct. Well, on de novo review, this court can certainly say that the issue that was decided in the Superior Court where Mr. Hergis said, you deprive me of the liberty in such a way as to shock the conscience that that issue was raised there and he cannot re-raise it here, that this court could decide that issue as a matter of law on appeal. What's your position on the procedural due process claim? It's somewhat remarkable to imagine being in the position of an offender who believes that he's free and clear of the prior offense, but he's pleaded guilty to a minor marijuana offense, and he goes in for the second of three weekends. And for all the record shows, he's told, actually, you're not going to be here for three days. You're going to be here for 27 months. And as far as the record reveals, there was no process whatsoever. I mean, he could have been the wrong Mr. Herg. And is it the government's position that there's no process due to him to guard against anything like that or allow him an opportunity to raise objections? Yes, under the circumstances here where the District of Columbia saw that he had not served 27 months of a sentence for crimes, including possession of a machine gun, that the District of Columbia could keep him on that sentence, on the Superior Court sentence, without first releasing him and seeking other process. I mean, there was— Did he contest the fact that he was mistakenly released in the habeas case? Did he contest it? No, no. And that's my point, that that entire case was litigated on the premise that he was mistakenly released. And, in fact, his counsel says on his behalf, I assumed they had granted me a motion to reduce sentence, even though his counsel had not filed one, there had been no order. Do you have a due process right to a hearing about facts or circumstances that you do not contest? No, no. And there would be no purpose to remand in this case for facts that were conceded in the Superior Court. That's why this case was properly disposed of in a motion to— Do you rely on Munsingware for the proposition that his failure to ask either the Court of Appeals or have a separate motion to vacate the judgment in the habeas case, therefore gives it res judicata effect? Yes, the Superior Court decision retains its preclusive effect. Where in D.C. law do they embrace Munsingware? We search like crazy. We can't find any such thing. That's a federal doctrine. In fact, if D.C. picks up the restatement, the restatement seems to say quite the contrary, that that application of you must seek vacature does not come into play. I realize this is convoluted, but the point is you cited no authority to back up your claim, none. And I can't find it. Well, the District of Columbia Court of Appeals did not vacate the decision. No, no. Judge Randolph is asking whether there is an implicit requirement that, in order for him to be making this argument, he should have first sought vacature. That is a federal motion, and failure to seek vacature can cause preclusion to come into play. I cannot find Munsingware or Bancorp in play in the D.C. case law. All right, so then your answer to Judge Randolph is there is no such doctrine in play in D.C. It's not applicable. Well, I think the Supreme Court's decision is certainly persuasive that if— No, no, no, it's not. We have to look at the D.C. law, and D.C. law does not apply that doctrine that I can find. Well, I don't think it doesn't apply that doctrine. Okay, so you agree we can't find any such— and the restatement seems to suggest otherwise, and D.C. does apply that. The restatement seems to say there is this Munsingware notion, but not all these states accept it, and D.C. has never accepted it. Well, or perhaps D.C. has not squarely presented whether there's a duty to ask for— Well, isn't—this is a federal case. It's governed by federal procedural law, Munsingware. Thank you, Judge Randolph. Regardless of what D.C. One of the questions—I don't know if you know the answer to this— that the Munsingware issue raises is in federal courts now, in light of Munsingware, we have a practice where if a case becomes moot in the Court of Appeals, we will direct that the district court vacate the opinion. Is there any such practice in D.C.? I mean, yeah, in the district. I think I cite a D.C. Court of Appeals case in my brief for the Court of Appeals, so it's fine if they vacate the law court decision, but— Surely they can do it. Yes, they can do it. But the question is they don't have a regular practice of doing it. It's a little bit of a— That's why it's very odd to say it's procedural and therefore follow federal, when in fact the place that we're looking is D.C. procedural, and they don't have this practice, and they're not required to have this practice. But, Your Honor, even if you say— should be mandatory in D.C., there's nothing that says that. There's no law that requires that. So they didn't do anything wrong. The one thing we know is the failure to seek vacature cannot be held against them because there's no requirement to do it in the D.C. procedure. But, Your Honor, even if the court were to hold the Superior Court case is not preclusive here because the appeal is dismissed as moot, the court can still take judicial notice of the filings there and Mr. Hurd's concessions there and therefore affirm on the merits because there's no reason to remand for further development of facts that he conceded in that case. It doesn't make sense. I mean, if the substantive due process claim is about fairness and justice, it doesn't make sense to say we're going to make the district litigate a case about substance due process and whether he was wrongfully detained on issues he conceded or facts he conceded in. What you're calling a concession is a little perplexing because I look back at that record and counsel at some point says erroneously mistaken release, but prefaced by saying that she didn't know for sure and could not explain his release based on what D.C. Jail had told Mr. Hurd. I'm glad you released him. Okay, good. I'm glad you're glad so you can help me. Well, I have a good answer. In that exchange, they are discussing the merit factors. One of the factors in merit on whether this is a substantive due process violation is whether the government's mistake was negligent or grossly negligent. That's what they're discussing. And in that answer, his counsel is saying, I don't know why the Bureau of Prisons let him out. They may have let him out after the felony sentence, forgotten about the misdemeanor sentence. In context, they are not saying we have no idea why. And his complaint says he was released. All you're doing is heightening my concern. The concern about our using judicial notice to sort out things like that and to dispose of a case on 12b-6 is bizarre. Your judicial efficiency argument just doesn't ring true when it's so simple for a district court to move the case to summary judgment. We have law that says, the district court says, there are things potentially in dispute here. I'm putting this on motion for summary judgment. Make a case. It's just not hard and it's fair. The district certainly thinks it can prevail. It's the fair way to dispose of cases. The district certainly thinks it can prevail on a motion for summary judgment. I also think that why the district court should have to jump through those hoops and the district has to jump through those hoops on issues that Mr. Hurd conceded and the court can take judicial notice of those documents. I mean, to say A in the Superior Court and the D.C. Court of Appeals and then I want a hearing so I can prove not A, but I understand the court's concerns. Ms. Wilson, in the Superior Court, in the habeas proceeding in the Superior Court, Hurd's counsel did ask for factual opportunity to bring in. She had some documents that the face sheets, do you remember this, where it appeared somehow that the district's Department of Corrections had made up some documents sort of resentencing Mr. Hurd as of a later date. I think there was a question about when they started the sentence. There was, and he said those are not authenticated. I don't know where those come from. They were quite troubling. They're not in the record before us, but they were troubling to the people present at the time as is evident from the transcript that's now available. And counsel asked for a chance that I would like to bring in witnesses and authenticate these and he said we are deciding this today. We're not going to have any witnesses or anything. So to the extent that she did make an effort to seek an opportunity to factually delve the question whether the release was mistaken or what exactly did happen, she was cut off at the knees on that by the Superior Court judge. So she did seek an opportunity. She didn't get it. My reading of that was that it was how the Department of Corrections counted when the sentence began to run again and how they did the paperwork to it. But it would go to the nature of what the government was thinking when the district government asserted jurisdiction over someone who ostensibly had time still owed to the federal correctional authorities. I mean, it's not entirely regular what was going on and we haven't had any factual inquiry into what, in fact, was going on. To sum up, it is undisputed he had served only 13 of 42 months. The District of Columbia saw that conviction and made a decision to have him serve the balance of that sentence. There's a societal interest in crime prevention and making people serve their sentences. There's no plausible claim here that this was anything other than mistaken release, and we would urge the Court to affirm but understand the Court's concerns about summary judgment. Thank you, Ms. Wilson. Mr. Rowe, you have two minutes remaining. Thank you, Your Honor. I just wanted to really just touch on one issue, and that's this issue of whether or not Mr. Hurte had conceded anything at the habeas court proceedings with respect to the reasons for his release. The sparse record that is here, and of course you don't have the entirety of the testimony that might possibly be available on this because you don't have Mr. Hurte's testimony, we don't have any testimony from the Parole Commission, we don't have any testimony from CISO, so we don't have any testimony from anybody else with any knowledge that might bear on this issue. But the fact of the matter... I know there was a hearing, actually there were two, but I'm not clear about whether there was testimony. There was no testimony taken, Your Honor. That was decided on motion papers. So what testimony are you talking about? Well, the question is, I mean, there are two questions that are involved here. One for this case, whether or not there's a basis for issue preclusion, which is what issues were actually litigated during that. And issue preclusion requires taking into account whether there was a full and fair opportunity to litigate those issues. And some of the questions that have been asked today indicate that there was not. And then the question is on the merits. Why exactly was he released? And at the hearing in habeas corpus, nobody knew what the truth was. You know, people were operating under the assumption that that's what happened. But that doesn't necessarily make it true. And in this proceeding, in this court, on this day, where it's an appeal for the Rule 12b-6 motion, the court cannot take judicial notice that there was a particular reason or not that he was let out when there is nothing in the record of which judicial notice can be taken that answers that question. That question is for a different procedure under a different time. And you make the point that unless on the face of the complaint there's a res judicata effect, then you have to either have summary judgment or an answer and then litigation. But on the face of the complaint, he mentions that he brought a habeas corpus action and it was denied. He does.  Because that raises the question of whether or not this is claim preclusion or issue preclusion. Because if this were a case of claim preclusion, you can look at the prior case, you can look at what it involved, and you can look at the fact that there was a judgment in the prior case. Claim preclusion would preclude all further litigation relating to those operative facts. And in this case, it would mean, for example, that even a successful habeas corpus proceeding, which resulted in a final judgment, would preclude further litigation. And that's, of course, obviously not the case. And it's also obviously not the case that the habeas corpus proceeding, in which the only thing at issue is whether or not the prisoner can be let out of confinement, cannot be joined with any other claims, can't be joined with a tort claim, can't be joined with a Section 1983 claim. And for those reasons, claim preclusion does not apply. What's applicable here is issue preclusion, in which the analysis is completely different. You have to look at what issues were decided. You have to look at whether there was a full and fair opportunity to litigate them. You have to look at whether it would be fair, in the circumstances of the case, to apply preclusion in the second case. But in necessity, a habeas decision, a denial of a habeas decision, is a judgment that he's not been wrongly imprisoned. That's correct, Your Honor. And the question is, what preclusive effect does that have to this case? And because this is not an issue of claim preclusion, claim preclusion doesn't apply. Assume he was not wrongfully imprisoned, and the habeas proceeding so established. What is his claim that, despite the fact that I was not wrongly imprisoned, I have a damage action against the District of Columbia? Well, tell me what the legal theory is that takes care of that, because I don't understand it. Well, if he were not wrongfully imprisoned, then the result in his Section 1983 case would be a ruling that he was not wrongfully imprisoned. But the question, the specific question. So he'd lose. He'd lose. Why isn't this very simple? The habeas action is mentioned in his complaint. The judge looks at the transcript or the recording or listens to the recording, and the habeas action held that he was not wrongfully imprisoned. Therefore, he has no 1983 case dismissed. Right. And that begs the question that it was really for this Court to decide, because the question then is, this issue of whether or not he was wrongfully imprisoned was decided. So what preclusive effect does that decision have on this case? And we have to take into account all those factors, including whether it would be fair in this case to do it. Taking into account the fact that the Superior Court didn't rule for seven months, that the Court of Appeals in the District of Columbia didn't rule for a year and a half. And then also we have to apply the law of the District of Columbia relating to what happens when an appeal is dismissed as a moot. And the District of Columbia does not apply the Munsingware analysis. That's a federal court procedure.  And in the restatement of judgments on whether or not issue preclusion can be applied, the restatement of judgments provides that if a prior ruling could not be reviewed on appeal, which this one could not be because it was dismissed as moot, then the prior ruling will not be given the fact of issue preclusion. And that's where we are in this case. Under the law of the District of Columbia, that ruling of the District Court, because the appeal was dismissed as moot, cannot be given the fact of issue preclusion. You can't find anything on the restatement that says that same rule applies or doesn't apply with respect to claim preclusion. I don't think that analysis relates to claim preclusion because claim preclusion bars everything. When you bring in a claim that's based on a set of operative facts, you've got to bring all your claims at once or you are thereafter barred from all of them. But because in this proceeding, where you could not bring the other claims at the same time you brought the habeas proceeding, and the habeas proceeding was limited to the specific relief of the issuance of the writ of habeas corpus, claim preclusion is not applicable in those cases. It's in the traditional analysis, the difference between res judicata and collateralis thought. Wait, tell me again, I was thinking about something else as you were speaking, I'm sorry. What is your principle argument on claim preclusion? No, our argument is that claim preclusion does not apply in this case. Because? Because this case, the case we're in today, could not have been brought as part of the earlier case. It was not a part of that. Okay? Unless there are further questions, I'm out of time. Thank you. Thank you.
judges: Pillard, Edwards, Randolph